## FOOTE v. MARTI'S INCORPORATED, Limited.

## THE FASHION PLATE, Inc., v. MARTI.

### No. 7355.

Circuit Court of Appeals, Ninth Circuit.

April 2, 1934.

Clock, McWhinney & Clock, of Long Beach, Cal., for appellant.

Clay Carpenter, of Long Beach, Cal., for appellee.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

WILBUR, Circuit Judge.

This is an appeal from the order of the District Court dismissing the petition of the appellant for instructions to the receiver to purchase certain fixtures, and for an order to show cause thereon on the ground that the facts stated were insufficient to justify the order prayed for.

The question involved is the construction of a lease made by Marti's Incorporated, Limited, lessor, and The Fashion Plate, Inc., lessee. Hereinafter Marti's Incorporated, Limited, will be referred to as "the store," and The Fashion Plate, Inc., will be referred to as "the department."

It appears from the petition that the lease was executed September 22, 1931, for a period of three years from and after October 15, 1931, when the appellant took possession. It also appears from the petition that Marti's Incorporated, Limited, was operating a department store at 411 Pine avenue, Long Beach, Cal.; it leased to the appellant the portion of its premises which apparently was occupied and used as a retail ladies' shoe store. By the terms of the lease the carpets, shelves, chairs, seats, and other furniture and fixtures already in the store as part of its shoe department were to be furnished to the department, and the balance of fixtures needed were to be installed by the department. It is alleged that, in pursuance of this agreement, the department furnished fixtures, et cetera, of the value of $2,975.44. It was agreed that upon the termination of the lease the store should purchase from the department the fixtures and equipment installed by the latter at the original cost price, less 10 per cent. per an-

num. About March 1, 1932, Hugh A. Marti was appointed receiver for the store and took possession of the store and building and continued to operate the business until December 31, 1932. The department continued to occupy the premises until that time. On that date the receiver moved the store to a new location, and in pursuance of the terms of the lease tendered to the department equivalent space in the new location. Instead of accepting the space tendered to it in the new location, the department, it is alleged, "exercised the option reserved to it in said lease and agreement by electing to discontinue the operation of its business at the new location, and so notified said receiver. That thereafter and pursuant to the terms of said lease and agreement, your petitioner notified said receiver and defendant that it had terminated the lease, and made demand of the receiver to purchase the said fixtures and equipment in accordance with the terms and provisions of said lease and agreement, and the said receiver has refused, and still refuses, to purchase said fixtures and equipment at the price fixed in said lease and agreement."

The provision of the lease involved is as follows: "It is further understood and agreed that should the store remove its place of doing business in said city to another location during the life of this contract or its renewal, that the store shall tender to the department space at the new location substantially the same as the space herein leased and that the department may at its option elect to continue the operation of its business at said new location under all the terms, provisions and conditions of this contract with the exception as to the location."

The question is whether or not the refusal by the department to take space in the new location and the subsequent notice by the department of the termination of the lease did in fact terminate the lease within the meaning of that portion of the lease which required the store to purchase the fixtures from the department.

The contract of lease of the premises is incorporated in a rather extended agreement as to the conduct of the business of the department and the obligations of the store and of the department in regard thereto. An option to terminate the lease and agreement is expressly given in case of total destruction of the premises and in case of insolvency or bankruptcy of either of the parties. The only other provision for termination of the lease is as follows: "It is under-

stood that either of the parties hereto shall have the right to terminate this agreement by giving thirty days written notice to the other party upon the wilful and persistent failure of such party to comply with an essential or highly material provision of this agreement but such right of termination shall not attach to trivial or inconsequential breaches which do not evidence a determination on the part of party committing the same to refuse to be bound by the terms of this agreement."

It will be noted that the agreement that the store should tender to the department equivalent space in the new location and giving the department the option of continuing the business under the contract at the new location does not provide for terminating the lease in case the department elects not to continue the business at the new location. The fact that an option to terminate the lease is expressly given in the contract under certain circumstances mentioned and not given in case the department is offered and refuses space in the new location leads to the conclusion, under the familiar rule of construction "expressio unius est exclusio alterius," that it was not intended that the department should not only have an option to refuse space in the new location, but also a right to treat the removal as a breach of the agreement giving it a right to terminate the lease and agreement. So far as appears from the petition, the department could have retained possession of the premises leased to it after removal of the store to the new location. The petition does not allege any interference with the right of the department to remain in the old location, and is not predicated upon any interference with that right. Nor is there any allegation in the petition of a breach of an essential or material provision of the agreement giving the department the right to terminate the contract after thirty days' written notice to the store. We think the trial court was clearly right in its conclusion that the facts alleged in the petition are insufficient to state a cause of action based upon the obligation of the store under the contract to pay for the fixtures upon the termination of the lease and agreement.

The petition is insufficient for still another reason. There is no allegation therein that the petitioner suffered damage by reason of the refusal of the receiver to pay the agreed purchase price for the store fixtures. The agreement to make this payment was not an agreement by the receiver but by

the store, and could not be specifically enforced as to either, even if we assume that the receiver ratified and confirmed the lease by taking possession of the store and receiving rent from the department.

Order affirmed.